# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL WAYNE HOWELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 24-0241-WS-C |
| | ) |
| **STATE FARM MUTUAL** | ) |
| **AUTOMOBILE INSURANCE** | ) |
| **COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

# ORDER

This removed action, recently transferred to the undersigned, is before the Court upon its *sua sponte* review of its subject matter jurisdiction.[1]  Upon such review, the Court is unable to confirm that jurisdiction exists.

Removal is predicated upon diversity of citizenship.  As the party seeking a federal forum, the defendant bears the burden of demonstrating both that the parties are of diverse citizenship and that the amount in controversy exceeds $75,000, exclusive of interest and costs.  *E.g., Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008); *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013).  The defendant has adequately demonstrated the existence of complete diversity, but the amount in controversy remains unclear.

---

[1] "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  Because, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue," it "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings."  *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

According to the complaint,[2] the defendant is the plaintiff's automobile insurer, including underinsured motorist coverage with limits of $500,000. On the last day of 2020, the plaintiff was injured by an underinsured driver, whose policy limits were $50,000. Even though the defendant had established in arbitration that the plaintiff was not at fault, the defendant declined to approve the plaintiff's policy-limits settlement with the tortfeasor, which forced the plaintiff to pursue the tortfeasor in state court. The defendant declined to participate in the trial, where the jury awarded the plaintiff $275,700. (Doc. 1-1 at 7-10).

The complaint asserts claims for: breach of contract; bad faith; misrepresentation; and tort of outrage. (Doc. 1-1 at 11-13). The complaint identifies the plaintiff's hard damages as: (1) the difference between the $275,700 verdict he received and the (allegedly higher) verdict he would have received had the defendant (with its deep pockets) been the defendant at trial; and (2) the additional litigation costs the plaintiff incurred that he would not have incurred had the defendant been the defendant at trial. (*Id.* at 11). The complaint seeks "compensatory and general damages in an amount in excess of the [$20,000[3]] jurisdictional requirements of this Court, and that [the defendant] pay general, contractual, special, extra-contractual, attorney's fees, and punitive damages" in an amount to be determined by the jury. (*Id.* at 14).

"[W]here jurisdiction is based on a claim for indeterminate damages, ... the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). "[A] removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the …

---

[2] The plaintiff has filed an amended complaint, (Doc. 6), but subject matter jurisdiction depends on the amount in controversy "at the time of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

[3] Ala. Code § 12-11-30(1).

2

jurisdictional requirement." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotes omitted); *accord* 28 U.S.C. § 1446(c)(2)(B).

The defendant repeatedly asserts that the plaintiff "claims," or "is claiming in this lawsuit," or "claims to be owed," or "is seeking to recover," the remaining policy benefits, which it says are $274,300. (Doc. 1 at 2, 3, 4, 7).[4] The complaint contains no such demand. Instead, the defendant extrapolates such a position from settlement overtures made in the underlying litigation. In November 2022, plaintiff's counsel stated that "this case will be worth every bit of the policy limits if [the plaintiff] is essentially forced into early retirement," and "due to the unknown, the only demand we can make at this time would be for policy limits." (Doc. 1-3). In March 2024, plaintiff's counsel asked whether, given the medical testimony, "does State Farm intend to offer the policy limits on this case?" (Doc. 1-4). During the May 2024 trial, "an oral settlement demand of $400,000 was communicated to" the defendant. (Doc. 1-2 at 1).[5]

As the Court has observed, "[w]hile a settlement offer, by itself, may not be determinative, it counts for something." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (internal quotes omitted). "What it counts for, however, depends on the circumstances." *Id*. "Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight." *Id*. (internal quotes omitted).

---

[4] The defendant says the state litigation, after subtracting the tortfeasor's policy limits, resulted in a judgment against the defendant for $225,700. (Doc.1 at 4, 7). However, the defendant's declarant states that the defendant had previously paid the plaintiff $50,000, (Doc. 1-2 at 2), which would seem to correspondingly reduce the remaining policy benefits from $274,300 to $224,300.

[5] The defendant does not state what amount, if any, the plaintiff asked the jury to return.

The November 2022 demand for policy limits ($500,000) was expressly predicated on the possibility the plaintiff might be forced into early retirement. The plaintiff, however, was not forced into early retirement, as by July 2023 he had relocated "to an engineering support desk job." (Doc. 1-9). The March 2024 communication appears to be not a demand at all but an inquiry. Neither of these constitutes substantial evidence of the amount in controversy in this litigation.

The May 2024 figure, however, stands on different footing.[6] While apparently unaccompanied by a supporting justification, the demand was not made before, or at the outset of, litigation, when a defendant is generally unaware of the evidence regarding damages; instead, the demand was made in the midst of trial, when all of the plaintiff's evidence of damages had already been made known to the defendant.[7] The Court therefore considers the demand to be substantial evidence that the amount in controversy in the underlying trial was $400,000. The Court agrees with the defendant that, since the plaintiff sought $400,000 in the state litigation in May 2024, he presumably sought at least $124,300 when this action was removed in July 2024. *See* note 4, *supra*.

Unaddressed by the defendant, however, is whether Alabama law permits an insured, once he has sued the tortfeasor and received a jury verdict awarding him the damages the jury has determined he experienced as a result of a motor vehicle accident, to then recover from his insurer, in a subsequent lawsuit, additional damages from the accident that the first jury declined to award him. This is an important point because, "[w]hen state law precludes the recovery of a form of damages demanded by the plaintiff, that form of damages may not be considered in determining whether the jurisdictional threshold is met." *SUA Insurance Co. v. Classic Home Builders*, LLC, 751 F. Supp. 2d 1245, 1253 (S.D. Ala. 2010).

---

[6] The defendant appears unsure as to whether oral settlement demands can be considered, (Doc. 1 at 10 n.1), but the Court has ruled that they can be. *McCrory v. Costco Wholesale Corp.*, 584 F. Supp. 3d 1091, 1095 & n.6 (S.D. Ala. 2022).

[7] This would include a document reflecting almost $230,000 in hard damages, which the defendant apparently received before trial. (Doc. 1-7).

If Alabama law does not permit such recovery, the defendant's path to the jurisdictional threshold becomes steeper. The complaint seeks as damages the "additional costs to take medical depositions," because they "are not a recoverable cost at trial," (Doc. 1-1 at 11), but the defendant has given the Court no non-speculative means of estimating the amount this demand may place in controversy. The complaint seeks an award of attorney's fees, (*id.* at 14), but "the general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract." *Nationwide Property and Casualty Insurance Co. v. Dubose*, 180 F. Supp. 3d 1068, 1074 (S.D. Ala. 2016) (internal quotes omitted). The complaint seeks damages for emotional distress caused by the defendant's conduct, (Doc. 1-1 at 13), but the defendant does not address it.

Instead, the defendant places great weight on the complaint's demand for punitive damages. The defendant offers three rationales for this reliance: (1) the mere demand for punitive damages is "generally sufficient" to satisfy the amount in controversy; (2) Alabama's statutory cap on punitive damages "is relevant" to the amount in controversy; and (3) the complaint's assertion of a "pattern of conduct" of itself "indicate[s] that a significant award of punitive damages is sought." (Doc. 1 at 9-11 (internal quotes omitted)).

This Court has repeatedly observed that "there is nothing talismanic about such a demand [for punitive damages] that would *per se* satisfy the amount-in-controversy requirement …." *Boehm v. Terminix International Company Limited Partnership*, 2022 WL 229890 at *3 (S.D. Ala. 2022) (internal quotes omitted). The only case decided by the Court that the defendant cites in support of its first argument involved a demand for over $51,000 in hard damages and so does not support the asserted proposition.

For its reliance on statutory caps, the defendant points to *Ryan v. State Farm Mutual Automobile Insurance Co.*, 934 F.2d 276 (11th Cir. 1991), and *McDaniel v. Fifth Third Bank*, 568 Fed. Appx. 729 (11th Cir. 2014). The Court has previously explained why these cases do not support the proposition for which they are cited. *Mosley v. State Farm Fire and Casualty Co.*, 2022 WL 2287927 at *3 (S.D. Ala. 2022).

The Court in *Mosley* concluded that allegations of a "vast 'pattern and practice' of wrongfully denying claims" indicated that a significant award of punitive damages was sought. 2022 WL 2287927 at *3-4. However, because the complaint asserted hard damages of almost $40,000, *id*. at *1, *Mosley* does not stand for the proposition that pattern-or-practice allegations of themselves place over $75,000 in controversy.

For the reasons set forth above, the defendant is **ordered** to file and serve, on or before **October 4, 2024**, such supplemental briefing and/or evidentiary materials as it deems sufficient to sustain its burden of establishing the existence of subject matter jurisdiction, failing which this action will be remanded, without further notice, for want of such jurisdiction.

DONE and ORDERED this 20th day of September, 2024.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE