0IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL WAYNE HOWELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 24-0241-WS-C |
| | ) |
| STATE FARM MUTUAL | ) |
| AUTOMOBILE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion to remand.  (Doc. 26). The defendant has filed a response and the plaintiff a reply, (Docs. 29, 30), and the motion is ripe for resolution.  After careful consideration, the Court concludes the motion is due to be denied.

## BACKGROUND

The complaint[1] contains many allegations, but the following are sufficient for present purposes.  The defendant is the plaintiff's automobile insurer, including underinsured motorist coverage with limits of $500,000.  The plaintiff was injured by an underinsured driver, whose policy limits were $50,000.  The defendant declined to approve the plaintiff's policy-limits settlement with the other driver, which forced the plaintiff to first pursue the other driver in state court on both liability and damages, rather than pursuing the defendant only, on damages only.  The defendant's actions were taken for the improper purpose of holding down the damages awarded the plaintiff (for which

---

[1] The plaintiff has filed an amended complaint, (Doc. 6), but subject matter jurisdiction depends on the amount in controversy "at the time of removal."  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

the defendant would be primarily responsible), on the theory that a jury would award lower damages against an individual than against an insurer. The jury awarded the plaintiff $275,700. (Doc. 1-1 at 7-10).

The complaint asserts claims for: breach of contract; bad faith; misrepresentation; and tort of outrage. (Doc. 1-1 at 11-13). It alleges that the plaintiff "was harmed in that the verdict he obtained against [the other driver] was artificially lower than the verdict would have been had [the defendant] been the Defendant at trial as there would not have been any concern by the jury as to whether [the other driver], a younger female Defendant, could afford such a verdict against her." (*Id*. at 11). Other damages are claimed but are not central to the instant motion. The complaint demands no specific amount of damages.

The defendant removed on the basis of diversity. The Court, on *sua sponte* review, questioned whether the requisite amount was in controversy and provided the defendant an opportunity to bolster its showing. (Doc. 20). The defendant did so, (Doc. 24), and the Court was satisfied that the defendant had met its jurisdictional burden. (Doc. 25). The Court ordered the plaintiff, if he disagreed with the Court's assessment, to file any motion to remand by a date certain. (*Id*.). The instant motion followed, in which the plaintiff denies that the defendant has met its burden as to the amount in controversy.

## DISCUSSION

"[W]here jurisdiction is based on a claim for indeterminate damages, ... the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). "[A] removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Roe v. Michelin North America, Inc*., 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotes omitted); *accord* 28 U.S.C. § 1446(c)(2).

2

During the trial against the other driver, the plaintiff presented the defendant with a $400,000 settlement demand. (Doc. 1-2 at 1). The Court concluded that this demand was substantial evidence of the amount in controversy in the underlying trial, (Doc. 20 at 4), that is, of what the plaintiff sought as damages therein.[2] The Court further concluded that, since the plaintiff seeks in this action the difference between what the state jury actually awarded and what it would have awarded had his insurer rather than the other driver been the defendant, the amount in controversy as to this element of damages more likely than not is the difference between the jury's award and the $400,000 demand, which difference exceeds $120,000. (*Id.*).

In his motion to remand, the plaintiff does not dispute that he made a $400,000 settlement demand. Nor does he disagree that the demand represented a reasonable assessment of the value of his claim. Nor does he deny that the demand, if considered, supports a residual amount in controversy above the jurisdictional threshold.

Instead, the plaintiff argues that the demand "cannot be considered" at all, on the grounds that the demand was for his personal injury claim, while his claims in this action are not for personal injury but for, *inter alia*, breach of contract and bad faith. (Doc. 26 at 3). He cites no authority for this remarkable proposition, which may be easily rejected. The jurisdictional question does not depend on what causes of action are asserted but on

---

[2] "While a settlement offer, by itself, may not be determinative, it counts for something." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (internal quotes omitted). "What it counts for, however, depends on the circumstances." *Id*. "Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight." *Id*. (internal quotes omitted). The instant settlement demand was made during trial, when the plaintiff and her counsel were fully aware of the evidence, including documented hard damages of almost $230,000, (Doc. 1-7), in addition to which the plaintiff sought recovery for being "permanently" injured and for experiencing "a great deal of mental and emotional damages, including pain and suffering and loss of enjoyment of life." (Doc. 1-1 at 7).

In his reply brief, the plaintiff asserts that not all of the $230,000 in hard damages was presented to the jury. (Doc. 30 at 4). Because he presents no evidence to support or quantify it, the assertion cannot affect where the preponderance of the evidence lies.

the amount of damages they place in issue, and the complaint explicitly places in issue the difference between the amount of damages the state jury awarded and the amount it would have awarded had the plaintiff's insurer been the defendant.

In his reply brief, the plaintiff argues that it is impermissibly speculative to extrapolate from the settlement demand in the first action a residual amount in controversy in this action, on the grounds that his counsel in this case was not counsel in the first case and thus has no knowledge of the basis for the demand. (Doc. 30 at 3, 8). This changes nothing. Counsel in the first case valued the plaintiff's damages as being at least $400,000, which the Court has confirmed from the evidence was a reasonable assessment. Current counsel's professed ignorance of what his case is worth is irrelevant, since it merely leaves prior counsel's reasonable assessment uncontradicted by any evidence, much less a preponderance.

The plaintiff next argues that the amount in controversy is inherently unknowable, because what the jury will actually do is unknowable; it could award only nominal damages, or perhaps only increased litigation costs, or maybe the difference between the actual state verdict and what it would have been with the plaintiff's insurer as the defendant. (Doc. 26 at 1-2; Doc. 30 at 4-5). The plaintiff misunderstands the proper inquiry. "[T]he pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 751 (11th Cir. 2010) (emphasis and internal quotes omitted). "The amount in controversy is not proof of the amount the plaintiff will recover [but] an estimate of the amount *that will be put at issue* in the course of the litigation." *Id*. (emphasis added, internal quotes omitted). By seeking the difference between the state award and what it would have been had the plaintiff's insurer been the defendant, the complaint places that amount (over $120,000) at issue; what the jury ultimately does with the plaintiff's demand is irrelevant.

The plaintiff next complains that the defendant's position with regard to the amount in controversy contradicts a position it has taken in its pending motion to dismiss. The plaintiff recognizes the defendant's right to take inconsistent positions but argues

4

that it cannot prevail on both, such that, if the defendant prevails on the jurisdictional question, it should be judicially or equitably estopped from pursuing the position taken in its motion to dismiss. (Doc. 26 at 4-6; Doc. 30 at 5-6). The plaintiff may be comparing apples with oranges but, in any event, the potential future consequences of the defendant's jurisdictional arguments are irrelevant to the only question now before the Court, *viz*., whether such jurisdiction exists.

The plaintiff also suggests that remand is required unless it is "absolutely clear" that removal jurisdiction exists. (Doc. 26 at 8). The only Eleventh Circuit opinion known to have employed this phrase is *Whitt v. Sherman International Corp.*, 147 F.3d 1325 (11th Cir. 1998). In *Whitt*, removal jurisdiction depended on whether the preemption doctrine supported jurisdiction in the context of "the uncharted waters of retroactive application of entirely new ERISA 'plans.'" *Id*. at 1333. The Court declined to "set sail on" those waters, "[p]articularly in view of this Court's preference for remand where federal jurisdiction is not absolutely clear." *Id*. In support of this preference, the panel cited only *Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1994). Removal jurisdiction in *Burns* depended on whether a complaint demanding a sum certain below the jurisdictional threshold could nevertheless be removed. *Id*. at 1095. The panel established a rigorous "legal certainty" test to govern this situation, requiring the defendant to "prove to a legal certainty that plaintiff's claim must exceed" the jurisdictional amount despite the lower demand. *Id*. In support of this heightened standard, the panel cited *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983), for the proposition that, "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095. In *Coker*, removal jurisdiction depended on whether a resident defendant had been fraudulently joined, which turned on the content of state law and which required the court to "evaluate … all questions of controlling substantive law in favor of the plaintiff." 709 F.2d at 1441. The *Burns* Court also cited *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3rd Cir. 1990), which likewise addressed fraudulent joinder and which similarly declared that the federal court "must

5

resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Id*. at 111.

As may be seen, none of these cases imposed an "absolutely clear" standard in the context of the amount in controversy under an indeterminate complaint. Nor, for that matter, did any of the four lower court decisions (which cited only *Whitt* and/or *Burns*) on which the plaintiff relies.

In any event, cobbling an "absolutely clear" directive onto the established "preponderance of the evidence – more likely than not" standard would accomplish nothing. It would not and could not alter that standard to require a court to ensure, say, that *most* or *all* of the evidence shows that the amount in controversy *necessarily* exceeds $75,000. The most it could mean is that, before finding jurisdiction, a court should be sure that a preponderance of the evidence supports the conclusion that the amount in controversy more likely than not exceeds $75,000 – which is of course exactly what courts routinely do in applying the established standard. In particular, it is absolutely clear to the Court that, based on the preponderance of the evidence, the amount in controversy in this case more likely than not exceeds the jurisdictional threshold.

Finally, the plaintiff pleads that "this case belongs in state court" because "Alabama state courts should decide these state law issues" presented by his claims and the defendant's challenges to them. (Doc. 26 at 8). Although the plaintiff's principal brief contained neither the term nor any identification or discussion of governing principles, the defendant credited the plaintiff with an abstention argument. (Doc. 29 at 7-8). In his reply brief, the plaintiff accepts this nomenclature and asserts that the Court should abstain and remand under *Ameritas Variable Life Insurance Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005). (Doc. 30 at 7-8). He provides little analysis of the nine *Ameritas* factors, *id*. at 1330-31, but the clearest fatal flaw in his argument is that *Ameritas* addresses abstention "in favor of a parallel state court action," *id*. at 1329, and there is none here.

**CONCLUSION**

For the reasons set forth above, the plaintiff's motion to remand is **denied**.  Should the plaintiff believe he can present a non-frivolous estoppel argument in opposition to the defendant's pending motion to dismiss, he is **ordered** to file and serve, on or before **December 16, 2024**, a supplemental brief, confined to that issue and not to exceed eight pages, failing which the motion to dismiss will be taken under submission on December 16, 2024.

DONE and ORDERED this 9th day of December, 2024.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE