**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL WAYNE HOWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 24-0241-WS-C** |
| | ) | |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on the defendant's motion for summary judgment. (Doc. 123). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 140, 148, 152, 153, 154, 167), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion is due to be granted.

**BACKGROUND**

As discussed in the Court's order on motion to dismiss, (Doc. 35), the relevant pleading is the amended complaint ("the Complaint"). (Doc. 6). The Complaint alleges that the defendant ("State Farm") is the plaintiff's automobile insurer under a certain policy ("the Policy"), with uninsured/underinsured motorist limits of $500,000. The plaintiff was injured in a motor vehicle accident ("the MVA") by an underinsured driver ("Wilbur"), whose policy limits were $50,000. The plaintiff's damages plainly exceeded $50,000, and binding arbitration established that Wilbur was totally at fault, to the exclusion of any fault by the plaintiff.

The plaintiff sued Wilbur and State Farm in state court ("the State Action"). Wilbur's insurer offered to settle for policy limits in exchange for a release. The Policy

required that the plaintiff obtain State Farm's consent in order to settle. State law limits the permissible reasons for withholding such consent.

Had State Farm consented to the settlement with Wilbur, the State Action would have proceeded to trial only against State Farm, and only on the issue of damages. State Farm declined to consent, which forced the plaintiff to proceed to trial against Wilbur. State Farm opted out of participation in that trial by advancing the plaintiff the $50,000 limits of Wilbur's policy.

According to the plaintiff, State Farm offered a legally permissible reason for withholding its consent to the settlement with Wilbur, but the state judge found this to be a false reason. State Farm's real reason for withholding consent was its belief that a jury would award lesser damages (for which State Farm would be responsible under the Policy) if only Wilbur (an individual) were a defendant at trial than if State Farm (a large corporation) were the defendant. The state judge sanctioned State Farm for providing a false reason, but he did not require State Farm either to approve the settlement or to participate at trial.

At trial, with Wilbur present and State Farm absent, the jury found for the plaintiff and awarded him damages of $275,700. The plaintiff alleges that, had State Farm been present at trial, the jury would have awarded him a larger figure as damages.

The Complaint asserts claims for breach of contract, bad faith, fraud, and outrage. State Farm moved to dismiss the Complaint in its entirety. (Doc. 9). The Court granted the motion as to the fraud and outrage claims and denied it as to the contract and bad faith claims. (Doc. 35). The parties proceeded to discovery, which has now closed. State Farm seeks summary judgment as to both remaining claims.

**DISCUSSION**

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material

fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).

State Farm first presses four affirmative defenses based on the State Action. It then offers even more challenges to the substance of the plaintiff's claims. Because it finds the issue dispositive, the Court addresses only the first of State Farm's asserted affirmative defenses.

**I. Collateral Attack.**[1]

"[A] collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted in an attempt to amend, correct, reform, vacate or enjoin its execution." *Phoenix East Association, Inc. v. Perdido Dunes Tower, LLC*, 295 So. 3d 1016, 1028 (Ala. 2019) (internal quotes omitted). This action constitutes a collateral attack under the foregoing definition.

First, the plaintiff brought the State Action to establish Wilbur's liability for the MVA and the amount of his damages from the MVA. (Doc. 9-1 at 122-24). The jury's verdict in the State Action established the plaintiff's damages from the MVA as $275,700. (Doc. 9-1 at 169). After subtracting out the $50,000 amount of Wilbur's insurance coverage (which State Farm had already paid the plaintiff), judgment was entered against State Farm in the amount of $225,700. (*Id*. at 170, 173). The judgment is thus a binding determination of the amount of the plaintiff's damages from the MVA.

Second, the plaintiff in this action attempts to avoid the binding force of the State Action judgment. His explicit theory of the case is that "the verdict [and thus the judgment] he obtained against Wilbur was artificially lower than the verdict [and thus the judgment] would have been had State Farm been the Defendant at trial." (Doc. 6 at 6). Although pursued through the vehicle of a contract claim, in this action the plaintiff seeks as damages the difference between what the jury did award as his damages from the MVA and what the jury allegedly would have awarded as his damages from the MVA

[1] "Collateral attack" is not listed as an affirmative defense in Rule 8(c)(1), but State Farm deems it to be one. (Doc. 37 at 14).

had State Farm consented to the settlement with Wilbur and therefore been the defendant at trial. (Doc. 140 at 8-9, 30-33). The plaintiff cannot succeed in this attempt except on the premise that the State Action judgment does not bind him as to the amount of his damages from the MVA.[2]

Third, this action was not instituted by the plaintiff in an effort to amend the State Action judgment, to correct that judgment, to reform that judgment, to vacate that judgment, or to enjoin execution on that judgment.[3] It was brought instead as an end run around the State Action judgment.

"It is well settled in Alabama that the judgment of a court that has jurisdiction of the subject matter and the parties and possesses the power to render the particular judgment is immune from collateral attack." *Manning v. Wingo*, 577 So. 2d 865, 867 (Ala. 1991) (internal quotes omitted). The plaintiff does not dispute that his is a collateral attack within the contemplation of Alabama law. Instead, he argues that the judgment in the State Action is not immune from collateral attack because the state court did not have subject matter jurisdiction. (Doc. 140 at 20-21). The plaintiff is confusing apples with oranges.

As discussed in the Court's order on motion to dismiss, (Doc. 35 at 4), the plaintiff filed in the State Action an amended complaint in which he asserted against State Farm

---

[2] In *Large v. Hayes*, 534 So. 2d 1101 (Ala. 1988), the underlying judgment was entered after a *pro ami* hearing and provided for monthly payments from the defendants to the plaintiffs of $750 and to the plaintiffs' attorneys of $750. *Id*. at 1104-05. Years later, the minor filed an action, Count II of which sought from the attorneys, for their alleged breach of a duty to act in her best interest (by taking half the settlement amount), damages of $750 a month. *Id*. at 1103, 1105. The Alabama Supreme Court ruled that the plaintiffs' effort "to obtain from [the attorneys] as damages the amount they [the attorneys] are to receive under the original judgment" constituted "a collateral attack on the judgment." *Id*. at 1105. Just as in this case, the later action would have left the earlier judgment nominally intact but would have obtained for the plaintiff a greater recovery for the underlying injury than the judgment provided. Just as in this case, the plaintiffs' allegation that misconduct in the prior litigation resulted in an artificially low award to them did not permit them to collaterally attack the judgment.

[3] The plaintiff received from State Farm full payment of the judgment within three months of its entry. (Doc. 9-1 at 211).

the same causes of action as are asserted in the Complaint. (Doc. 9-1 at 125-27). State Farm moved to dismiss all four claims for failure to state a claim. State Farm also moved to dismiss the contract claim for lack of subject matter jurisdiction and the bad faith claim as premature. (*Id*. at 129-36). The state judge's ensuing order reads as follows: "The Defendants' Motion to Dismiss the new claims in the Amended Complaint is GRANTED." (*Id*. at 163). This Court ruled that, given Alabama law and the opacity of the dismissal order, State Farm had failed to show that the contract and bad faith claims were not dismissed for lack of subject matter jurisdiction. (Doc. 35 at 5-6). This is the alleged defect in subject matter jurisdiction on which the plaintiff relies. (Doc. 140 at 21).

As a threshold matter, the Court did not rule that the state court lacked subject matter jurisdiction over the contract and bad faith claims but only that State Farm failed to demonstrate that the state judge did not dismiss those claims on that basis. More fundamentally, the state court's subject matter jurisdiction *vel non* over the contract and bad faith claims against State Farm is irrelevant to its subject matter jurisdiction over the plaintiff's claim that Wilbur negligently or wantonly caused the MVA and thereby caused the plaintiff various forms of injury and damage. (Doc. 9-1 at 123-24). This is the claim on which judgment was entered, and the state court patently had subject matter jurisdiction over it.[4]

"[T]he party adversely affected by a judgment must raise his or her issues by direct appeal and not through a collateral attack; failing to appeal, the parties are bound by the judgment ...." *Plott v. Deason*, 924 So. 2d 724, 726 (Ala. Civ. App. 2005). The state judge allowed State Farm to opt out of trial even though he found that State Farm offered a false reason for not consenting to the Wilbur settlement and unreasonably withheld its consent to the settlement. (Doc. 35 at 10-11). As State Farm notes, (Doc. 123 at 25), the plaintiff could and should have challenged this ruling, and the allegedly resultant low

[4] The plaintiff's cursory judicial estoppel argument, (Doc. 140 at 20), because it likewise hinges on the state court's jurisdiction over the contract and bad faith claims against State Farm rather than its jurisdiction over the negligence claim against Wilbur, is equally meritless.

damages award, within the context of the State Action -- by seeking interlocutory appeal prior to trial, by seeking a new trial, and/or by direct appeal following entry of judgment. He was within his rights not to do so but, having foregone that opportunity, he may not over objection pursue this action instead.

As has been seen, the plaintiff has but little response to the merits of State Farm's collateral-attack defense. Almost all of his attention is devoted to the proposition that State Farm is barred from asserting the defense in the first place. The Court addresses this argument in Part II.

**II. Reconsideration.**

The plaintiff asserts that "State Farm's arguments on collateral attack were already argued and rejected in the prior Motion to Dismiss," and he insists that State Farm cannot resurrect them on motion for summary judgment. (Doc. 140 at 8-9, 20). His argument fails at multiple points.

First, State Farm did not press the collateral attack doctrine[5] as a ground for dismissal. Its briefing raised two, and only two, preclusion doctrines: res judicata and collateral estoppel. (Doc. 9 at 14 ("Summary of Argument") ("Howell's claims are barred by the doctrine of *res judicata* [and] the doctrine of collateral estoppel ...."); *id*. at 16 (Section I of "Legal Argument") ("Howell's Claims Are Barred by Res Judicata ...."); *id*. at 19 (Section II of "Legal Argument") ("Howell Is Collaterally Estopped ...."); Doc. 14 at 3 (second section of legal argument) ("State Farm Has Met Its Burden in Establishing the Elements of Res Judicata"); *id*. at 5 (third section of legal argument) ("State Farm Has Met its Burden of Establishing Collateral Estoppel").

The plaintiff nevertheless argues that State Farm argued for dismissal under the collateral attack doctrine because: (1) collateral attack "fall[s] under the *res judicata* umbrella"; and (2) State Farm's principal brief "mentioned collateral attack six times." (Doc. 140 at 20).

[5] *See State ex rel. Head v. Head*, 506 So. 2d 1010, 1012 (Ala. Civ. App. 1987) (addressing "the collateral attack doctrine").

It is plain that State Farm's motion to dismiss advanced no separate "collateral attack" challenge. As noted above, both its summary of the argument and its argument sections identified the only preclusion grounds of dismissal as res judicata and collateral estoppel. State Farm's principal brief did use the term "collateral attack" five times, but only to generically describe the preclusive effect of a successful defense of res judicata or collateral estoppel,[6] not to advance a third ground of preclusion. (Doc. 9 at 14, 17, 19, 21).[7]

Even if the res judicata theory asserted in State Farm's motion to dismiss were to be deemed a collateral attack argument, it would not be the same collateral attack argument that State Farm now raises. On motion to dismiss, State Farm argued that the state judge's ruling dismissing the plaintiff's contract and tort claims against State Farm was res judicata of the plaintiff's parallel claims in this action. (Doc. 9 at 16-19). On motion for summary judgment, State Farm argues instead that the jury's finding of the plaintiff's damages from the MVA bars a collateral attack on that determination. Nothing remotely resembling that argument appears in State Farm's motion to dismiss.[8]

Second, the Court did not address, much less "rejec[t]," State Farm's purported collateral attack argument, for the very good reason that no such argument appears in State Farm's motion to dismiss.[9] The plaintiff offers no support for his *ipse dixit* to the contrary.

---

[6] *See, e.g., Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 154 (2009) ("The willingness of the Court of Appeals to entertain this sort of collateral attack cannot be squared with res judicata ...."); *In re: Optical Technologies, Inc*., 425 F.3d 1294, 1302 (11th Cir. 2005) (litigant's arguments, if not merged with a certain jurisdictional argument, "are impermissible collateral attacks barred by res judicata").

[7] One must wonder why, if the plaintiff believes the motion to dismiss presented a separate collateral attack argument, his two briefs in opposition (totaling almost 40 pages) fail to address it, or even to use the term. (Docs. 11, 32).

[8] State Farm's collateral estoppel argument was restricted to yet another issue, *viz*., State Farm's right to opt out of the state trial. (Doc. 9 at 19-21).

[9] The Court's 23-page order does not so much as mention "collateral attack." (Doc. 35).

In short, State Farm is not attempting to press for a second time a basis for dismissal that it has previously asserted and had rejected. Instead, it is asserting for the first time that the plaintiff is barred from pursuing this action because it amounts to a collateral attack on the State Action judgment, which established -- and therefore capped -- the damages caused by the MVA.

The plaintiff does not suggest that a defendant cannot, on motion for summary judgment, assert a purely legal defense that it could have, but did not, raise on a previous motion to dismiss. His only cited authority stands for no such proposition, (Doc. 140 at 13), and a leading commentator identifies the rule as that "a Rule 56 motion may not be made *on the same grounds and with the same showing that led to the denial of a previous motion to dismiss*." 10A Mary Kay Kane & Adam N. Steinman, Federal Practice and Procedure § 2713 (4th ed. 2014) ("Wright & Miller") (emphasis added).[10] State Farm is therefore free to make its collateral attack challenge regarding damages for the first time in its motion for summary judgment.

---

[10] The Court does not necessarily agree that this limitation on motions for summary judgment exists. Wright & Miller cites only three cases for the quoted proposition, and none of them appear to actually support it. (Two of them did not address the issue at all, and the third spoke only of discretion, not an absolute rule.). A number of lower courts have adopted the treatise's limitation, but almost always simply by citing or quoting it without providing independent supportive analysis.

The Court is aware of no textual support in the Rules for the limitation, and its application could discourage defendants from pursuing purely legal arguments on motion to dismiss -- usually crafted at the outset of litigation and under severe time constraints -- for fear of foreclosing a more thorough, thoughtful, and persuasive presentation of the same issue on motion for summary judgment. This in turn would undermine the purpose of Rule 12(b), and of the Rules generally, "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Indeed, Wright & Miller's limitation is more absolute than that governing motions to reconsider under the Eleventh Circuit's framework. *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1380-81 (11th Cir. 2024) (discussed *infra* in text).

Because the validity of Wright & Miller's limitation is immaterial to the resolution of the instant motion, the Court need not consider it further. The significance of the limitation to this case is that it represents the position most favorable to the plaintiff and yet fails to assist him.

The plaintiff would prefer to treat the motion for summary judgment as a motion for reconsideration. He believes that this would preclude State Farm from raising its new collateral attack argument, both as time-barred and as beyond the proper scope of such a motion. (Doc. 140 at 9, 12-16). His argument again fails at multiple points.

As a threshold matter, the plaintiff offers no authority for the facially dubious proposition that a motion for summary judgment following an unsuccessful motion to dismiss must or even may be considered as a motion to reconsider or be subject to the restrictions applicable to such a motion. The proposition seems especially doubtful when the motion for summary judgment, as here, is filed years after the motion to dismiss and after discovery has concluded. The Court declines to search for the support the plaintiff has failed to provide.

Second, the plaintiff cites only a single opinion of a single sister court for the proposition that a motion to reconsider cannot be brought more than one year after issuance of the order sought to be reconsidered. (Doc. 140 at 9, 13-14). This Court, in contrast, has ruled that "'[a] district court may reconsider and amend interlocutory orders at any time before final judgment.'" *Nelson v. Whirlpool Corp*., 668 F. Supp. 2d 1368, 1380 (S.D. Ala. 2010) (quoting *Harper v. Lawrence County*, 592 F.3d 1227, 1231 (11th Cir. 2010)). The Eleventh Circuit has recently reaffirmed this rule. *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1380 (11th Cir. 2024).

Third, *Hornady* makes clear that the standards that lower courts (including this one) have used to cabin their evaluation of motions to reconsider (on which standards the plaintiff relies for his argument) are more restrictive than those actually obtaining. 118 F.4th at 1380-81. Reconsideration is not confined to those instances where the circumstances implicate Rule 59(e) or Rule 60(b); instead, "district courts have discretion to revisit their prior interlocutory orders, considering both the weight of the moving party's arguments and the disruption that a change would cause in light of the time that has passed since the decision was initially made." *Id*. The weight of State Farm's argument is heavy indeed, being both plainly correct and dispositive of this litigation. The plaintiff identifies no disruption, and the Court perceives none beyond the inevitable

disruption of the plaintiff's desire to go to trial. Moreover, the rule quoted from Wright & Miller confirms that the lapse of time between motion to dismiss and motion for summary judgment is no bar to granting the latter motion when based, as here, on new grounds.

## CONCLUSION

For the reasons set forth above, State Farm's motion for summary judgment is **granted**. Final judgment shall be entered accordingly by separate order.

DONE and ORDERED this 17th day of September, 2026.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE